442 P.2d 920

**Mitchell M. WILLIAMS, dba Tag-A-Long Tours, and Western River Guides Assn., Inc., Plaintiffs,**

v.

**PUBLIC SERVICE COMMISSION of Utah, et al., and Warren Gordon McClatchy, dba Colorado River Tours, Defendants.**

**No. 10993.**

Supreme Court of Utah.

June 26, 1968.

William S. Richards, of Gustin & Richards, Wood R. Worsley, Stuart L. Poelman, of Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiffs.

Phil L. Hansen, Atty. Gen., H. W. Volker, Asst. Atty. Gen., Grant Macfarlane, Jr., Salt Lake City, for defendants.

HENRIOD, Justice:

Review by certiorari of an order denying Williams' application for certificate of convenience and necessity to operate a passenger service by boat on the Colorado and Green Rivers. Albeit this was the technical and highly specific order, one cannot read this record without concluding that the novel and unorthodox procedure indulged here, primarily was not designed to be restricted to an order concerning a certificate. Obviously, it was designed to engender a sort of test case to determine the latitude and longitude of the Commission's authority over the carrying by boat of passengers largely *down* the rivers, in a manner propelled or floated almost entirely by the water of the rivers itself, and largely indulged in by those seeking recreation, thrills, and a bit of picture-taking and travel, which one cannot but guess partly was for later consumption by the folks back home with colored slides or home movies to the satisfaction of a type of Daniel Boone or

health enthusiast, whose insistence, on pictures and monologue, for some might be a unilingual pleasantry, or, on the other hand, a complete bore to others on a rainy night,—something akin to looking at the family album.

Nonetheless, everybody in this case, including the Commission, paid little or no attention to the application for the specific certificate, but everyone launched into a multiloquy about whether the Commission had plenary power over transportation by boat of passengers and luggage, over the waters of the state, riverwise, lakewise or otherwise.

Nonetheless, counsel on all sides, pro and con, expertly and scholarly have squeezed out of a legal citrus fruit everything save the rind. Having been urged to say what the Public Utility Act[1] means with respect to P.S.C. authority over water passenger transportation, we believe and hold that it is landlubber legislation. It does not mention boats,—but it does mention railroads, freight, motor vehicles and the like having to do with land, not water travel, and there seems to us that ejusdem generis neither helps nor hurts.

Believing that the litigants and their counsel desire this Court to say either yes or no to the claimed or disputed authority, the real subject of this litigation, we interpret the language of extant legislation to mean that up to now the legislature has not delegated the claimed authority to P.S.C., without beating about the bush by employment of questionable refinement or rhetoric.

We think that to conclude otherwise would be to indulge in the unwarranted luxury of judicial legislation. The legislature shortly will meet. That is the fountain of administrative authority, and we leave it to that body under our tripartite system to clarify any obfuscation that seems to exist in the minds of some interested parties. With a few words, the legislature, with appropriate implementing language, surely could make freight cars and boats, highways and waterways analogous if it intends such a conclusion.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

1. Title 54, Utah Code Annotated, 1953, and amendments thereto.